**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-11144

(Summary Calendar)
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CATHLEEN MAY CHAN,

Defendant-Appellant.


Appeal from the United States District Court
For the Northern District of Texas
(3:95-CR-203-X)

July 11, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Cathleen May Chan pleaded guilty to one count of conspiracy to use counterfeit credit cards and to transport stolen property in interstate commerce, in violation of 28 U.S.C. § 371, six counts of use of a counterfeit access device and aiding and abetting, in violation of 18 U.S.C. §§ 1029(a)(1) and 2, two counts of transporting stolen merchandise in interstate commerce and aiding

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

and abetting, in violation of 18 U.S.C. §§ 2314 and 2. Chan was sentenced to nine terms of fifteen months' imprisonment, to be served concurrently, followed by three years' supervised release, and ordered to make restitution in the amount of $3,600. Chan filed a timely notice of appeal. We now affirm.

Chan contends that the district court erred in calculating the total amount of loss under the Sentencing Guidelines. The presentence report ("PSR") determined that the total accountable loss from Chan and her accomplices' activities in the Dallas/Fort Worth area was $45,473.95. The PSR also attributed to Chan additional counterfeit credit card fraud committed in Houston a week earlier. The credit cards used in Dallas and in Houston belonged to the same financial institution, the Honda Federal Credit Union, and all began with the number "4449 5900." The PSR also reported that Chan's fingerprints were found on credit card receipts connected to the offenses committed in Houston. The total amount of the loss from Houston was $44,572.98. The PSR thus determined that the total amount of loss attributable to the scheme was $90,046.93 and added six levels to Chan's base offense level because the total loss was more than $70,000. *See* U.S.S.G. § 2F1.1(b)(1)(G).

Chan objected to the PSR's inclusion of the $44,572.98 loss from Houston, asserting that she did not commit the Houston offenses, and that she only pleaded guilty to the scheme carried

out in Dallas.[2]  On appeal, Chan argues that the district court erred by including evidence of an offense not pled in the indictment, and because there was insufficient evidence that she in fact committed the Houston crimes.

In determining the appropriate offense level pursuant to § 2F1.1 for offenses involving fraud or deceit, the district court may consider all "relevant conduct."  U.S.S.G. § 1B1.3.  Relevant conduct includes all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3(a)(2).  The determination that conduct is relevant to the offense of conviction is reviewed under a clearly erroneous standard.  *United States v. Cockerham*, 919 F.2d 286, 289 (5th Cir. 1990).

The district court's calculation of the amount of loss is a factual determination, which we also review for clear error.  *United States v. Wimbish*, 980 F.2d 312, 313 (5th Cir. 1992), *cert. denied*, 508 U.S. 919, 113 S. Ct. 2365, 124 L. Ed. 2d 272 (1993).  As long as a factual finding is plausible in light of the record as a whole, it is not clearly erroneous.  *Id.*  Application Note 8 of § 2F1.1 provides that the sentencing court "need only make a reasonable estimate of the loss, given the available information."  U.S.S.G. § 2F1.1, comment. (n.8).

---

[2]  Chan's "factual resume" in support the guilty plea does not mention any of the Houston activities.

The PSR generally bears sufficient indicia of reliability to be considered as evidence by the district court in making factual determinations relative to sentencing. *United States v. Brown*, 54 F.3d 234, 242 (5th Cir. 1995). Accordingly, a district court may adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present evidence to rebut the PSR's contents. *Id.* At the sentencing hearing, the Government also presented the testimony of a Secret Service Special Agent that "[s]even of the receipts from Houston have been positively identified with as being the handwriting of the defendant, Ms. Chan, and that the name on the seven receipts are in the name of Catherine May Won."[3]

Chan offered no evidence at the sentencing hearing to rebut either the findings in the PSR or the testimony of the Special Agent. Based on the information in the PSR and the testimony presented at the sentencing hearing, we conclude that the district court's inclusion of the $44,572.98 loss from the Houston offenses in the calculation of the total amount of the loss was not clearly erroneous. *See Cockerham*, 919 F.2d at 289 (holding that relevant conduct may include conduct underlying dismissed counts).

For the foregoing reasons, we AFFIRM.

---

[3] The Special Agent clarified for the district court that the PSR incorrectly referred to "fingerprints" as opposed to handwriting linking Chan to the receipts.